UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

PAUL C. BENNETT and TRESSA
F. BENNETT,

    Plaintiffs,

v.                                Case No.:  2:24-cv-1064-SPC-KCD

WILLIAM RAVEIS-FLORIDA,
LLC,

    Defendant.
                                  /

## OPINION AND ORDER

    Before the Court is Plaintiffs Paul and Tressa Bennett's Complaint. (Doc. 1).  Plaintiffs bring this action under Florida's Deceptive and Unfair Trade Practices Act along with claims for breach of contract, breach of fiduciary duty, and negligent misrepresentation.  They invoke the Court's diversity jurisdiction under 28 U.S.C. § 1332(a).

    Federal courts are courts of limited jurisdiction and have "an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y.H. Corp.*, 546 U.S. 500, 514 (2006) (citing *Ruhrgas AG v. Marathon Oil Co.,* 526 U.S. 574, 583 (1999)).  Diversity jurisdiction over civil actions exists where there is complete diversity of citizenship between the parties and the amount

in controversy exceeds $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(a). Here, the Court has concerns about Defendant's citizenship.

Defendant is a limited liability company. An LLC is a citizen of every state in which one of its members is domiciled. *Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020 (11th Cir. 2004); *McCormick v. Aderholt*, 293 F.3d 1254, 1257-58 (11th Cir. 2002). Each member of the LLC must be diverse from the opposing party for federal diversity jurisdiction to exist. *Flintlock Constr. Servs., LLC v. Well-Come Holdings, LLC*, 710 F.3d 1221, 1224-25 (11th Cir. 2013). When dealing with unincorporated business entities, it is necessary to "drill down into the 'ownership flow chart'" to determine citizenship. *CityPlace Retail, LLC v. Wells Fargo Bank, N.A.*, No. 20-11748, 2021 WL 3486168, at *3 (11th Cir. July 15, 2021). This is the case no matter how many layers are involved. *Purchasing Power, LLC v. Bluestem Brands, LLC,* 851 F.3d 1218, 1220 (11th Cir. 2017) ("[I]t is common for an LLC to be a member of another LLC. Consequently, citizenship of LLCs often ends up looking like a factor tree that exponentially expands every time a member turns out to be another LLC, thereby restarting the process of identifying the members of that LLC").

Plaintiffs broadly allege that "Defendant's members are citizens of Massachusetts and/or Connecticut" (Doc. 1 ¶ 2), without identifying each individual member. But to establish subject-matter jurisdiction, "the

2

Complaint must identify each member and their citizenship." *Accident Ins. Co., Inc. v. V&A Drywall & Stucco, Inc.*, No. 2:20-CV-00407-SPC-MRM, 2020 WL 3128861, at *1 (M.D. Fla. June 12, 2020) (citing *Rolling Greens*, 374 F.3d at 1022)). Because Plaintiffs fail to identify any of Defendant's members, the Court does not have enough information regarding Defendant's citizenship. So the Court finds that Plaintiffs have not met their burden of establishing this Court's subject-matter jurisdiction.

Accordingly, it is now

**ORDERED:**

1. Plaintiffs Paul and Tressa Bennett's Complaint (Doc. 1) is **DISMISSED without prejudice** for lack of subject-matter jurisdiction.

2. Plaintiffs may file an amended complaint on or before **December 5, 2024**. Failure to do so will cause the Court to close this case without further notice.

**DONE** and **ORDERED** in Fort Myers, Florida on November 21, 2024.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record

3